BOGDA, Appellant, vs. WILBUR and another, Respondents.

*March 7—April 2, 1929.*

The cause was submitted for the appellant on the brief of *Kittell, Jaseph, Young & Everson* of Green Bay, and for the respondents on that of *Robert A. Kaftan* of Green Bay.

STEVENS, J. The case turns upon the question of which party had the burden of proof. Had this been a straight action upon a promissory note, the plaintiff would have been entitled to recover upon the proof offered by him. But the plaintiff did not base his cause of action upon a simple promissory note. He pleaded facts which showed that his cause of action arose out of a conditional sales contract, and that more than fifty per cent. of the contract price had been paid.

Where at least fifty per cent. of the purchase price has been paid, the seller under a conditional sales contract must, after retaking the goods, sell the same at public auction. Sec. 122.19, Stats. If there is no such resale, "the seller may retain the goods as his own property without obligation to account to the buyer, . . . and the buyer shall be discharged of all obligation." Sec. 122.23, Stats.

Here the plaintiff based his action upon the claim that a balance was due after he had "duly foreclosed" his conditional sales contract and applied the proceeds of such foreclosure upon the amount due. Unless the sales contract was "duly foreclosed" as required by the statutes cited above, the plaintiff had the right to take and hold the automobile,

but no right to recover any deficiency or balance due from the defendants. The defendants by their answers put plaintiff to his proof on the question of whether in his foreclosure he had complied with the statutes relating to conditional sales contracts,—a burden which the plaintiff did not meet. In the absence of proof of compliance with the provisions of the conditional sales act, the plaintiff had no right to recover any deficiency from the defendants.

*By the Court.*—Judgment affirmed.